UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   26-CR-60078-AHS

UNITED STATES OF AMERICA

v.

SUNSEEKER INTERNATIONAL LIMITED, and
SUNSEEKER USA SALES CO., INC.,

Defendants.

_____/

PLEA AGREEMENT

The Environmental Crimes Section of the Environment and Natural Resources Division of the United States Department of Justice, and the United States Attorney's Office for the Southern District of Florida (collectively, the "Government") and Sunseeker International Limited and Sunseeker USA Sales Co., Inc. (collectively, the "Defendant") enter into the following agreement:

1.     The Defendant will waive indictment and plead guilty to the Information. The Information charges the Defendant in Counts 1 and 2 with violations of the Lacey Act, Title 16, United States Code, Sections 3372(a)(2)(B)(i) and 3373(d)(2). The Defendant agrees and understands that the above charges involve the Defendant's conduct, and the conduct of others, between in and about April 2021 and continuing through at least February 2023, involving the knowing purchase and sale, in international commerce, and import into the United States, of Burmese teak, knowing it was transported and sold in violation of underlying foreign law. This agreement resolves the Defendant's federal criminal liability to the Government, growing out of any such criminal conduct by the Defendant known to the Government as of the date of this plea

1

agreement, except any personal tax liabilities.

2.      The Defendant understands and acknowledges that the Court may impose a statutory maximum fine of up to $200,000 or twice the gross gain or loss derived from the conviction and may order forfeiture and restitution. The Defendant also understands and acknowledges that the Court may impose up to five years' probation. The Defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of $125 will be imposed on defendant. The Defendant agrees that any special assessments imposed shall be paid at the time of sentencing. If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to the Government and the Court at the time of sentencing as to the reasons for defendant's failure to pay

3.      The Defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may vary from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but it is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may

be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 2 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The Government reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the Government further reserves the right to make any recommendation as to the quality and quantity of punishment.

5. The Government agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, the Government will move the Court for an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The Government, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate

3

and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including, but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6.      The Government and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court find that

a. The applicable Sentencing Guidelines are set forth in U.S.S.G. §§ 2Q2.1 (rather than the fine provisions in §8C1.1, et. seq.), 8B, 8D and 8E.

b. Pursuant to U.S.S.G. § 8B1.1, no restitution or other remedial relief is owed.

c. Pursuant to U.S.S.G. § 8B1.2, a compliance program is required.

d. Pursuant to U.S.S.G. §§ 8D1.1(a)(2) and (a)(6) and 8D1.2(a)(2), a term of probation is required of not more than five years with conditions of probation related to the creation and implementation of a compliance program as set forth in U.S.S.G. § 8D1.3 and 8D1.4.

e. Pursuant to U.S.S.G. § 8E1.1 and 18 U.S.C. § 3013(a)(1)(B)(iii), a special assessment of $125 must be imposed.

f. The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

7.      The Government and the Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose a sentence that consists of:

4

a. a fine of $200,000, which pursuant to 34 U.S.C. § 20101(b)(1)(A)(ii), shall be paid through the Clerk of the United States District Court for the benefit of the Lacey Act Reward Account, which fine shall be made payable to the United States Fish and Wildlife Service. 16 U.S.C. § 3375(d);

b. a $125 special assessment;

c. a term of five years' probation with the two special conditions:

    i. The Defendant must implement the compliance plan attached hereto as Exhibit A; and

    ii. The Defendant must not import or attempt to import into the United States any Myanmar teak for which it is unable to provide documentation to the satisfaction of the U.S. Fish and Wildlife Service, Office of Law Enforcement, that the teak was exported from Myanmar prior to April 21, 2021, and did not transit the European Union or United Kingdom.

8. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the Government, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that the Government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw the Defendant's plea

5

based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the Government, or a recommendation made jointly by the Defendant and the Government.

9. The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the Government appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of its right to appeal its sentence.

10. The Defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute(s) to which the Defendant is pleading guilty are unconstitutional; or (2) the admitted conduct does not fall within the scope of the statutes of conviction.

11. By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with the Government, to request that the Court enter a specific

finding that the Defendant's waiver of its right to appeal the sentence imposed in this case and its right to appeal its conviction in the manner described above was knowing and voluntary.

12.     If the Defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a.  The Government will be released from its obligations under this agreement. The Defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b.  The Defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecutions, the Defendant agrees to waive any statute-of-limitations defense; and

c.  Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the Defendant, and all such information, statements, and leads derived therefrom may be used against the Defendant. The Defendant waives any right to claim that statements made pursuant to this agreement before, on, or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the Defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under

Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution of federal law.

13. This is the entire agreement and understanding between the Government and the Defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 5/11/26                     By: _____
                                      DANIEL ROSENFELD
                                      ASSISTANT UNITED STATES ATTORNEY


ADAM R.F. GUSTAFSON
PRINCIPAL DEPUTY ASSIST. ATTY. GEN.
UNITED STATES DEPARTMENT OF JUSTICE

Date: 5/11/26                     By: _____
                                      EMILY R. STONE
                                      TRIAL ATTORNEY

Date: 5/11/26                     By: _____
                                      SEAN P. SHECTER
                                      ATTORNEY FOR DEFENDANT

Date: 5/11/26                     By: _____
                                      SUNSEEKER INTERNATIONAL LIMITED
                                      DEFENDANT

Date: 5/11/26                     By: _____
                                      SUNSEEKER USA SALES CO., INC
                                      DEFENDANT

8